UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

NANCY L. SCHAUER,

 Plaintiff,
vs.

CARNIVAL CORPORATION,
a Panamanian corporation,
d/b/a CARNIVAL CRUISE LINE,

 Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, NANCY L. SCHAUER, ("Plaintiff"), by and through undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINE ("Carnival"), and alleges:

**JURISDICTION AND VENUE**

**A.**   **Diversity of Citizenship**

1. This is an action for personal injuries under general maritime law of the United States, seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest.

2. Plaintiff, NANCY L. SCHAUER, is a resident of Illinois, over the age of 18, and otherwise *sui juris*.

3. At all times material, Defendant, CARNIVAL, was a for profit corporation with its worldwide headquarters, principal address, and principal place of business at 3655 NW 87th Avenue, Miami, FL 33178-2428.

4. There is complete diversity of citizenship herein and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**B.   Admiralty Jurisdiction Over Incident**

5. This action is subject to the jurisdiction of this Court by virtue of 28 U.S.C. §1333 as the causes of action asserted in this Complaint arise under the General Maritime Law of the United States, in that the incident occurred on navigable water, or the injury was caused by a vessel on navigable water and is connected with maritime activity.

6. At all times material, Defendant CARNIVAL is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and owned, managed, operated, maintained, supervised and/or controlled, or was the owner *pro hac vice* and/or charterer of the ocean-going passenger vessel known as the *Carnival Pride.*

**C.   Venue in the U.S. District Court for the Southern District of Florida**

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

8. Moreover, the CARNIVAL cruise passenger ticket issued to Plaintiff provides that injury cases occurring during Plaintiff's cruise, aboard the *Carnival Pride*, "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami ... to the exclusion of the Courts of any other county, state or country."

9. Pursuant to 28 U.S.C. 1391(b), venue is proper in the Southern District Court of Florida as the Defendant, CARNIVAL's principal place of business is within said district.

**FACTUAL ALLEGATIONS**

10. On or about December 10, 2021, CARNIVAL had exclusive custody and control of the *Carnival Pride.*

11. On said date, Plaintiff was a fare paying passenger lawfully aboard the cruise ship, *Carnival Pride,* operated by Defendant, CARNIVAL

12. On said date, Carnival designated the day as a "Fun Day at Sea" opening the *Pride*s' shops and encouraging passengers to take advantage of huge savings on all types of merchandise including watches and jewelry.

13. On said date, Carnival invited passengers to visit the various gift shops aboard the cruise ship, including The Fun Shops ("The Shops") located on the third deck of the *Carnival Pride.*

14. On said date, as Plaintiff was shopping in The Fun Shops and looking at merchandise, she tripped and fell over a low-level sign which CARNIVAL personnel had placed in one of the narrow passageways of The Fun Shops.

15. On said date, Defendant CARNIVAL's agents or employees placed the sign in the walkway of The Shops to advertise that The Shops sold a particular brand of merchandise.

16. Defendant CARNIVAL's placement of the low-level sign within a narrow passageway of The Shops, between and/or near The Shops' display cases, intended for passengers to transgress while shopping, created a dangerous and hazardous condition under the circumstances to passengers shopping within The Fun Shops, including the Plaintiff.

17. At all times material, Defendant CARNIVAL owed a duty to the Plaintiff and other similarly situated passengers of the *Carnival Pride,* to exercise reasonable care under the circumstances and that duty encompassed a duty to (a) warn of unreasonably dangerous conditions of which Carnival was actually or constructively aware, and/or refrain from creating said conditions, and (b) to maintain the vessel and passageways in The Fun Shop's passageways in a reasonably safe condition.

18. CARNIVAL created the dangerous condition by placing a low-profile sign in the walkway of The Shops, where passengers shopped and would be looking at the displayed merchandise on various display cases.

19. The dangerous condition of the low-level sign was not open and obvious to the Plaintiff or other passengers similarly situated, who visited The Shops and were looking at the displays of merchandise as foreseen and intended by CARNIVAL.

20. CARNIVAL had actual or constructive notice of the dangerous and hazardous condition, to wit: the placement of a sign in a walkway of The Shops.

21. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

### **COUNT I- NEGLIGENCE AGAINST CARNIVAL CORPORATION**

22. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 21 as though originally stated herein.

23. Upon information and belief, Defendant CARNIVAL knew, from its previous experience on the subject vessel and other vessels in its fleet, that the location of the placement of objects, including signage, created a dangerous condition when placed in areas intended to be transgressed by passengers and crew within a shopping area of the ship.

24. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff.

25. Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more

of the following acts and/or omissions:

    a. Failing to properly locate its low-profile signs within The Fun Shops in a reasonably safe location for its passengers.

    b. Failing to inspect, keep, and maintain The Fun Shops, specifically the walkways located inside The Fun Shops, in a reasonably safe condition, so as to help prevent hazards to its passengers.

    c. Failing to properly inspect and monitor the low-profile signage.

    d. Failing to adequately warn passengers of the dangers associated with its low-profile signage.

    e. Failing to discover and remedy a dangerous condition on its vessel.

    f. Failing to properly train and instruct employees on the proper location of placement of signage.

    g. Failing to enact and enforce reasonable and appropriate policies and procedures relating to signage, including inspection, and maintenance of the signage and passageways inside The Fun Shops.

    h. Failing to comply with industry standards and Defendant CARNIVAL's own standards relating to signage.

    i. Failing to adequately train its crew to keep the passageways within The Fun Shops clean and free of hazards.

    j. Failing to select a safe and appropriate height for the subject sign.

26. Defendant CARNIVAL created the dangerous condition by placing the subject sign in an area of The Fun Shops below eye level, where crew and passengers are intended to transgress and are or may be distracted while looking at merchandise.

27. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about her body, suffered pain and suffering, disability, disfigurement, mental anguish, inconvenience, the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur

medical expenses in the future. All said injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff, NANCY L. SCHAUER, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and taxable costs as may be allowed by law.

## COUNT II – VICARIOUS LIABILITY
## AGAINST CARNIVAL CORPORATION

28. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 21 as though originally stated herein.

29. At all times material, Defendant CARNIVAL was vicariously liable for its employees' negligence, by placing the subject sign in an area of The Fun Shops below eye level, and in an area where crew and passengers are intended to transgress and are or may be distracted while looking at merchandise as intended by CARNIVAL.

30. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff.

31. Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

    a. The placement of low-level signage in a passageway of The Fun Shops creating a dangerous and hazardous condition.

    b. The placement of low-profile signs in an unsafe manner for its passengers shopping within The Fun Shops.

32. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about her body, endured pain and suffering, disability, disfigurement, mental anguish, inconvenience, the loss of the capacity for the enjoyment of life and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, NANCY L. SCHAUER, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and taxable costs as may be allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of fact.

Dated this 2nd day of June 2022.

> Respectfully submitted,
>
> ROBERT L. GARDANA, P.A.
> Attorneys for Plaintiff
> 12350 SW 132 Court, #204
> Miami, Florida 33186
> PH: 305-358-0000
> FAX: 305-358-1680
> E-Mail: robert@gardanalaw.com
>          staff@gardanlaw.com
>
> By: *Robert L. Gardana*
> Robert L. Gardana, Esq.
> Florida Bar No. 279668